Stephen J. Joncus, OSB #013072
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Email:  stephen.joncus@klarquist.com
Telephone:  503-595-5300
Facsimile:  503-595-5301

*Attorneys for Defendant*
*Michael John Blake*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LARS ERICKSON,** | Civil No. 3:11-cv-01129-SI |
| Plaintiff, | **DEFENDANT MICHAEL BLAKE'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| **MICHAEL JOHN BLAKE,** | |
| Defendant. | |

DEFENDANT MICHAEL BLAKE'S
MOTION FOR ATTORNEYS' FEES AND COSTS

**LOCAL RULE 7-1 CERTIFICATE:** Blake made a good faith attempt to resolve this dispute. In a telephone call on April 25, 2012, Lars Erickson stated that he will oppose this Motion.

In a copyright infringement action, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Pursuant to the Order granting dismissal (Dkt. 18) and the final judgment (Dkt. 20), Plaintiff Michael Blake ("Blake") is the prevailing party and moves for an award of attorneys' fees and costs.

This lawsuit was objectively unreasonable on two fronts. Plaintiff Lars Erickson ("Erickson") unreasonably sued Blake in Nebraska. (*See* Dkt. 1). The Nebraska Court did not have jurisdiction. Accordingly, the filing of Erickson's lawsuit in Nebraska offended "traditional notions of fair play and substantial justice." (*See* Dkt. 1 at 6.)

Erickson unreasonably sued for copyright infringement. (*See* Dkt. 18.) With all pleaded facts construed in his favor, Erickson's copyright claim was not even plausible on its face. (*See* Dkt. 18 at 3.)

This lawsuit threatened Blake's well-being. Blake is a stay-at-home father with an infant son. His wife is a bank teller. His family receives food stamp assistance. (Dkt. 1-25.) Blake's few assets were targeted by Erickson's lawsuit seeking actual damages, statutory damages, and attorneys' fees. (*See* Dkt. 1 at 2-3.) Blake risked financial ruin to defend himself.

This lawsuit damaged Blake's opportunity to make a name for himself. Like many struggling musicians, Blake toils to lift his art out of obscurity. In March 2011, a narrow beam of public attention was cast on Blake following his composition "What Pi Sounds Like." He was interviewed by National Public Radio who broadcast his story nationwide in a 2 minute, 39

second "Morning Edition" segment on March 14, 2011.[1]  Blake's YouTube video went viral—garnering over 750,000 views and trending towards 1 million—when it was all cut short by Erickson's objectively unreasonable lawsuit.  (*See* Dkt. 1-13 at ¶¶ 5-7.)

Blake's interest in defending himself against Erickson's copyright claim was coincident with the public interest in protecting free access to public domain ideas.  Similarly, copyrights themselves ultimately serve the public good.  Accordingly, "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible" so that one public interest does not tread on another.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).  "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."  (*Id.*)

The only counterweight to the financial ruin threatened by Erickson against Blake is the copyright law's fee shifting statute.  *See* 17 U.S.C. § 505.  The facts of this case warrant an award of attorneys' fees to Blake.

An award of attorneys' fees under 17 U.S.C. § 505 are a matter of the court's discretion.  *Fogerty*, 510 U.S. at 534.  The court's discretion should be guided by the degree of success obtained, frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.  *Love v. Associated Newspapers*, 611 F.3d 601, 614 (9th Cir. 2010); *Fogerty*, 510 U.S. at 534 n. 19; *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

---

[1] *See* http://www.npr.org/2011/03/14/134492882/how-to-transform-the-number-pi-into-a-song.

Although Erickson's claim was frivolous, a claim need not satisfy that irresponsible low mark to warrant attorneys' fees in a copyright case, otherwise 17 U.S.C. § 505 would be no different than the type of conduct sanctioned under Rule 11. Unreasonableness is enough to justify fees. *See*, *e.g.*, *Maljack Prod. v. GoodTimes Home Video*, 81 F.3d 881, 890 (9th Cir. 1996).

District courts may "freely award fees" under the Copyright Act. *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). Although recovery of attorneys' fees is not automatic, the 9th Circuit should apply the same rule as the 5th Circuit which reads *Fogerty* to mean that an award of attorneys' fees should be "the rule rather than the exception and should be awarded routinely." *Virgin Records America v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 792 (S.D. Tex. 2009).

In this case, Blake achieved a high degree of success by winning dismissal at the earliest possible stage of the case on both jurisdiction and the merits. (*See* Dkt. 1; Dkt. 18.) As a result, expenditures by both sides were minimized.

Erickson's copyright claim was frivolous because there was no basis in law or fact for Erickson to contend that the idea of mapping musical notes to the digits of Pi to create a melody was protectable in view of the statute specifically prohibiting copyright protection from extending to ideas. *See* 17 U.S.C. § 102(b). Erickson's claim of jurisdiction in Nebraska was also frivolous. Blake had never set foot in Nebraska and Erickson had no legal basis for his contention that a single sale of Blake's "What Pi Sounds Like" in Nebraska—manufactured by Erickson's own purchase of Blake's song—created jurisdiction. (*See* Dkt. 1.) Even if not deemed frivolous, Erickson's jurisdiction and copyright claims contain a degree of "frivolousness." *See Fogerty*, 510 U.S. at 534 n. 19.

Erickson's jurisdiction and copyright claims were unreasonable. The District of Nebraska determined that it had no jurisdiction over Blake. (Dkt. 1.) Therefore, under the applicable standard, the filing of Erickson's lawsuit in Nebraska offended "traditional notions of fair play and substantial justice." (*See* Dkt. 1 at 6.) Erickson failed to plead a claim for copyright infringement. (Dkt. 18.) Therefore, under the applicable standard, Erickson's copyright claim was not even plausible on its face. (*See* Dkt. 18 at 3.) Moreover, Erickson's jurisdiction and copyright claims were unreasonable with respect to both the law and the facts.

With regards to motivation, the circumstances indicate that Erickson tried to take advantage of Blake's lack of resources. Erickson knew that Blake had an infant child, did not have a job, was receiving food stamp assistance, and was located in Oregon. (*See* Joncus Decl. Ex. 6.) Naturally, the odds of winning a default judgment against an Oregon resident lacking monetary resources would be higher with a suit filed in Nebraska rather than Oregon. Erickson tried to manufacture a basis for suing Blake in Nebraska by purchasing a copy of Blake's song. (*See* Dkt 1 at 7.) These facts indicate that Erickson intended to unfairly take advantage of Blake by filing this case in Nebraska.

Erickson also refused to cooperate with Blake on providing information. After the suit was filed, counsel for Blake asked counsel for Erickson to provide a copy of Erickson's deposit at the Copyright Office and a copy of the registration form. Erickson's only response was silence. No response was provided and no information was provided. Blake was forced to follow the expensive and lengthy process needed to obtain a copy of a deposit directly from the Copyright Office.

Erickson also knew that Blake would pursue attorneys' fees, but was willing to give up his attorneys' fees claim in exchange for Erickson dropping his claims. (*See* Joncus Decl. Ex. 7.)

This is a case in which the circumstances are appropriate to award attorneys' fees to compensate Blake and to deter others from filing similarly unreasonable copyright infringement actions.

The Court should award fees even though Erickson has proceeded *pro se* since this case was transferred to Oregon. When Erickson made the unreasonable decisions to sue Blake and to file in Nebraska, Erickson was represented by counsel. Erickson should have been fully informed on the law and the merits of his case. Any financial hardship which may befall Erickson is a situation entirely of Erickson's own creation, with the advice of counsel. *Cf.*, *Kulas v. Arizona*, 2005 WL 3149755 at *1 (9th Cir. Nov. 28, 2005) (awarding fees against *pro se* party).

The Court should award fees even though Blake is represented by counsel on a *pro bono* basis. Unlike other fee shifting statutes, 17 U.S.C. § 505 is not based on fees "incurred." *Compare* 17 U.S.C. § 505 *with* 26 U.S.C. § 7430(a)(2). The policy inherent in the Copyright Act is to encourage litigation of meritorious defenses as much as meritorious claims. *See Fogerty*, 510 U.S. at 527. This policy is served by awarding attorneys' fees under 17 U.S.C. § 505 without regard to whether the party has an obligation to pay fees to an attorney. *See Righthaven, LLC v. Leon*, 2011 WL 2633118 at *1 (D. Nev. July 5, 2011) (awarding fees to the pro bono law firm). Attorneys' fees under 17 U.S.C. § 505 may even be awarded to a prevailing *pro se* litigant. *See Quinto v. Legal Times of Washington, Inc.*, 511 F. Supp. 579, 581 (D.D.C. 1981).

At normal rates, Blake's bill through the end of March 2012 would have been $34,353 in attorney's fees to defend against Erickson's unreasonable lawsuit. (Joncus Decl. ¶ 9.) This amount does not include any costs and expenses, but instead reflects the legal work primarily performed by Stephen Joncus. An award of full attorneys' fees is warranted. *See Hensley v. Eckerhart*, 461 U.S. 424, 435, (1983) ("Where a [party] has obtained excellent results, his attorney should recover a fully compensatory fee."). However, Blake requests a partial fee

award of $20,000.  Such a partial award would serve section 505's purpose as a deterrent to wasteful pursuits of unreasonable allegations of copyright infringement.

The attorneys' fees sought are reasonable.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  This "lodestar" amount is "presumptively reasonable."  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (citation omitted).  The hours billed and billing rates are set out in to the Joncus Declaration.  The rates are comparable to local and national averages and are reasonable.  (Joncus Decl. at ¶¶ 4-8.)  Given the approximately twelve months that it has taken to resolve this matter, the 91 hours spent working on this matter is very reasonable.  (Joncus Decl. ¶9.)

Blake's costs total $556.69 and are set forth in the concurrently filed Bill of Costs.  These costs include the $252.75 fee to obtain a copy of Erickson's deposit of his copyrighted work at the Copyright Office and which Erickson refused to provide.

Blake therefore requests that he be awarded the sum of $20,000 as reasonable attorney's fees and an additional $556.69 in costs.

                              Respectfully submitted,

Dated:  April 26, 2012      By:   s/ Stephen J. Joncus
                                    **Stephen J. Joncus**, OSB #013072
                                    Email:  stephen.joncus@klarquist.com
                                    KLARQUIST SPARKMAN, LLP
                                    121 S.W. Salmon Street, Suite 1600
                                    Portland, Oregon  97204
                                    Telephone:  503-595-5300
                                    Facsimile:  503-595-5301

                                    *Attorneys for Defendant*
                                    *Michael John Blake*