UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| LARS ERICKSON, | ) | Case No. 3:11-CV-01129-SI |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER ON DEFENDANT BLAKE'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| MICHAEL JOHN BLAKE, | ) ) | |
| Defendant. | ) ) ) | |

**SIMON, District Judge.**

On March 14, 2012, the court granted Defendant Michael John Blake's motion to dismiss Plaintiff Lars Erickson's complaint. (Dkt. #18.) Defendant now moves the court for an award of attorneys' fees pursuant to 17 U.S.C. § 505. (Dkt. #22.) Defendant argues that Plaintiff's complaint was unreasonable and harmed Defendant. He also argues that his defense in this action furthered the purposes of the Copyright Act. Defendant has also submitted a bill of costs. (Dkt. #24.) For the reasons that follow, the court denies Defendant's motion for attorney fees and grants his bill of costs in part.

## STANDARDS AND DISCUSSION

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party .... [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Supreme Court has clarified that § 505 applies equally to plaintiffs and defendants. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1995). As the Court explained,

> [b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. ... Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright.

*Id.* at 527.

In considering whether to exercise its discretion to award a reasonable attorney's fee, this court may consider "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010); *see also Fogerty*, 510 U.S. at 534 n. 19; *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 559 (9th Cir. 1996). "Faithfulness to the purposes of the Copyright Act is ... the pivotal criterion." *Fantasy*, 94 F.3d at 559. The court may also take into account "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." *Ets-Hokin v. Skyy Spirits Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). Finally, the court may award fees to Defendant even if it does not find that Plaintiff acted in bad faith or that his conduct was frivolous or vexatious. *Fantasy*, 94 F.3d at 560.

Defendant was the prevailing party, and the court recognizes that his defense may have furthered the purposes of the Copyright Act. The court does not agree, however, that Plaintiff's complaint was frivolous or even unreasonable. "Determinations about substantial similarity are rarely obvious." *Pasillas v. McDonald's Corp., Inc.*, 927 F.2d 440, 444 (9th Cir. 1991). This is particularly true regarding the Ninth Circuit's substantial similarity test as applied to musical compositions. *See Swirsky v. Carey*, 376 F.3d 841, 848-49 (9th Cir. 2004) ("The application of the extrinsic test, which assesses substantial similarity of ideas and expression, to musical compositions is a somewhat unnatural task, guided by relatively little precedent. ... The extrinsic test provides an awkward framework to apply to copyrighted works like music ...."). The court also does not find that the Plaintiff acted in bad faith. Finally, the court notes that both parties in this case disclaim financial means. Imposing fees on Plaintiff for legal services rendered *pro bono* to Defendant would be an "inequitable burden on an impecunious plaintiff." *Ets-Hokin*, 323 F.3d at 766. The court declines to exercise its discretion under § 505 to award a reasonable attorney's fee in this case.

In addition, Defendant seeks $556.69 in costs. The prevailing party may recover the types of costs specified in 28 U.S.C. § 1920. *See* Fed. R. Civ. P. 54(d)(1). Some of the costs requested by the Defendant fall outside the categories enumerated in § 1920 and are therefore not allowable. These include costs for postage, express shipping, messenger services, legal research, and long distance calls. The court will allow Defendant's costs for court reporter fees, *see* 28 U.S.C. § 1920(2), and for the reproduction of Plaintiff's copyrighted work as obtained from the Copyright Office, *see id.* § 1920(4). The court therefore grants the bill of costs in part in the amount of $364.00.

## CONCLUSION

Defendant's motion for attorneys' fees, Dkt. #22, is DENIED. The bill of costs, Dkt. #24, is GRANTED IN PART. Defendant is awarded $364.00 in costs.

Dated this 21st day of May, 2012.

Michael H. Simon
United States District Judge